# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL DOCKET NO.: 3:98CR18

| | |
|---|---|
| WILLIE LEE BERRY, )<br>)<br>Petitioner, )<br>)     **ORDER**<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | |

**THIS MATTER** is before the Court on Petitioner's "Petition Under F.R.C.P. Rule 60(b)," filed December 15, 2005 [Document # 63], Petitioner's "Application to Proceed Without Prepayment of Fees and Affidavit," filed December 27, 2005 [Document # 64], and Petitioner's "Motion to Supplement Under F.R.C.P. Rule 60(b)(1)(2)," filed January 17, 2006.

## I. FACTUAL AND PROCEDURAL HISTORY

On August 14, 1998, a jury found Petitioner guilty of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On May 6, 1999, during the sentencing hearing, the Court determined that Petitioner was subject to sentencing under the Armed Career Criminal Act and accordingly imposed a term of 255 months imprisonment. Petitioner appealed his conviction and sentence to the United States Court of Appeals for the Fourth Circuit. In an Order dated May 30, 2000, the Fourth Circuit affirmed Petitioner's conviction and sentence. On October 2, 2000, the United States Supreme Court denied Petitioner's Petition for Writ of Certiorari. Subsequently, on July 12, 2001, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. On August 7, 2001, Respondent filed a Motion

to Dismiss. In an Order filed November 26, 2003, the Court granted Respondent's Motion to Dismiss and dismissed Petitioner's Motion to Vacate. On November 8, 2004, the United States Court of Appeals for the Fourth Circuit dismissed Petitioner's appeal of this Court's dismissal of his Motion to Vacate.

## II. DISCUSSION

### A. Motion Pursuant to Rule 60(b)

Petitioner is now again attacking his sentence on the same grounds as raised in his initial Motion to Vacate. Although Petitioner attempts to cloak the instant motion under the guise of Rule 60(b) of the Federal Rules of Criminal Procedure, the Court finds that Petitioner is collaterally attacking his sentence. Thus, this Court will construe Petitioner's filing as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[1] Moreover, the Court will consider the additional arguments made by Petitioner in his Motion to Supplement the Petition Pursuant to F.R.C.P. 60(b). However, this Motion and the supplement would be Defendant's second § 2255 motion.

A defendant may not file a second or successive motion under § 2255 unless a panel of the appropriate court of appeals has certified that the new motion will contain: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law that was previously unavailable and that the Supreme Court has made retroactive to cases on collateral review. 28

---

[1] The Court of Appeals for the Fourth Circuit's decision in *United States v. Emmanuel*, 288 F.3d 644 (4th Cir. 2002), is distinguishable because, unlike in the *Emmanuel* case, this motion would not be Petitioner's first § 2255 motion. *Id.* at 650 (finding no notice required where recharacterization has no adverse impact on movant).

U.S.C. §§ 2244, 2255; *see also* RULES GOVERNING § 2255 PROCEEDINGS, Rule 4(b), 9(b).

Petitioner's motion here does not seem to fit either of the two scenarios set forth above. Rather, as argued in his initial Section 2255 motion, Petitioner is again alleging ineffective assistance of counsel, prosecutor misconduct, double jeopardy, invalid sentence, and malicious prosecution.

Petitioner, however, has not received certification from the Fourth Circuit Court of Appeals to file a successive § 2255 motion. Because the Court has construed Petitioner's instant Motion as a motion to vacate, set aside or correct his sentence pursuant to § 2255, the Court cannot reach the merits of Petitioner's claims until he receives certification from the Fourth Circuit Court of Appeals that his claims will contain a new rule of constitutional law that was previously unavailable and that the Supreme Court has made retroactive to cases on collateral review. 28 U.S.C. §§ 2244, 2255.

**B.      Motion to Proceed *In Forma Pauperis***

Petitioner filed an "Application to Proceed Without Prepayment of Fees and Affidavit" and noted that this Application corresponded to the Motion/Petition Pursuant to Fed. R. Crim. P. 60(b) filed December 15, 2005. The Court advises Petitioner that there is no fee for filing his December 15, 2005 Motion and, therefore, no need for the filing of an *in forma pauperis* application. Moreover, Petitioner was deemed to be indigent for purposes of trial and appeal. Consequently, an additional Application to Proceed Without Prepayment of Fees is unwarranted.

**IT IS, THEREFORE, ORDERED** that the Clerk is directed to treat this motion as motion to vacate, set aside, or correct sentence pursuant to § 2255 and to file a copy of this Order within the civil case number assigned.

**IT IS FURTHER ORDERED** that Petitioner's "Petition Under F.R.C.P. Rule 60(b)"

is **DISMISSED** without prejudice as successive.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Supplement Petition Under F.R.C.P. Rule 60(b) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's "Application to Proceed Without Prepayment of Fees and Affidavit" is hereby **DENIED AS MOOT**.

Signed: August 3, 2006

Richard L. Voorhees
United States District Judge