# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### 3:98cr18

| | |
|---|---|
| WILLIE L. BERRY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the court on petitioner's Motion to Amend (#69), filed May 14, 2007. On July 12, 2001, petitioner filed with this court a Motion to Vacate Under 28 U.S.C. § 2255(#57). That motion was denied by this court on November 26, 2003. Order (#58).

On December 15, 2005, petitioner filed his first "Petition Under F.R.C.P. Rule 60(b) 1-3" (#63), which was followed by a "Motion to Supplement Under F.R.C.P. Rule 60(b)(1)(3)" on January 17, 2006. (#65). Both motions were denied by this court on August 3, 2006. Order (#66). Within 12 days of the court entering such Order, petitioner filed a new "Petition Under F.R.C.P. Rule 60(b) 1-3" on August 15, 2006. (#67). That motion was also denied by Order of this court on October 2, 2006. (#68). Seven months later, petitioner filed the instant Motion to Amend on May 14, 2007.

The present motion does not raise any new issues than those presented in petitioner's earlier petitions. Petitioner is again attempting to collaterally attack his sentence under the guise of Rule 60(b) of the Federal Rules of Civil Procedure, which

-1-

is deemed to be a successive § 2255 Motion.

As previously found by this court in its August 3, 2006, and October 2, 2006, Orders, petitioner has not received certification from the Court of Appeals for the Fourth Circuit to file a successive § 2255 motion.

> [D]istrict courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'

United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003), *distinguished by*, Jones v. Braxton, 392 F.3d 683 (4th Cir. 2004).[1] Because the court has construed petitioner's instant Rule 60(b) Motion as a motion to vacate, set aside or correct his sentence pursuant to § 2255 inasmuch as it directly attacks the prisoner's sentence, the court cannot reach the merits of petitioner's claims until he receives certification from the appellate court that his claims will contain a new rule of constitutional law that was previously unavailable and that the Supreme Court has made retroactive to cases on collateral review. 28 U.S.C. §§ 2244, 2255.

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's "Petition Under F.R.C.P. Rule 60(b) 1-3" (#69) is hereby **DISMISSED** without prejudice as successive.

---

[1] The appellate court went on to hold that a "motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." Id., at 207.

Signed: April 13, 2011

Max O. Cogburn Jr.
United States District Judge