# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Case No. 3:98CR00018-001 |
| ) | |
| Willie Lee Berry ) | |
|     Defendant ) | |

## AGREED ORDER AND JUDGMENT
## TO REVOKE SUPERVISED RELEASE

Upon petition of the U.S. Probation Office, joined herein by the United States and the defendant, to revoke the supervised release of defendant Willie Lee Berry and for good cause shown therein, and also based on agreement of the parties as set forth herein:

AGREEMENT OF UNITED STATES AND DEFENDANT

The defendant agrees and stipulates that he/she has violated the terms and conditions of supervised release in the following respects:

1. **FAILURE TO COMPLY WITH DRUG TESTING/TREATMENT REQUIREMENTS** (Date violation concluded: 11/5/2021).

   The defendant has violated the condition of supervision that states, "The defendant shall participate in a program of testing for substance abuse. The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of the testing. The defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise the defendant's participation in the program (including, but not limited to, provider, location, modality, duration, intensity) (unless omitted by the Court)," in that, the defendant failed to report for code-a-phone on the following dates: 1/12/2022, 1/6/2022,

1

1/4/2022, 12/31/2021, 12/28/2021, 12/17/2021, 12/15/2021, 12/10/2021, 12/08/2021. (Grade C)

2. **FAILURE TO REPORT AS DIRECTED** (Date violation concluded: 12/16/2021).

   The defendant has violated the condition of supervision that states, "The defendant shall report to the probation officer in a manner and frequency as directed by the Court or probation officer," in that, the defendant was to report to the office on 12/16/2021 and failed to do so. The defendant has failed to respond to attempts for contact and he has remained unavailable for supervision. (Grade C)

3. **FAILURE TO NOTIFY OF ADDRESS CHANGE** (Date violation concluded: 1/18/2022).

   The defendant has violated the condition of supervision that states, "The defendant shall live at a place approved by the probation officer. The probation officer shall be notified in advance of any change in living arrangements (such as location and the people with whom the defendant lives). If advance notification is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change," in that, the USPO was notified on 12/14/2021 by offender's roommate that he no longer lived at their residence. The defendant has not reported a new address to probation. (Grade C)

The parties stipulate, pursuant to Chapter 7 Policy Statements, U.S. Sentencing Guidelines, that the defendant's violations are a maximum Grade C and that the defendant has a Criminal History Category of VI.

The parties stipulate, based on U.S.S.G. §7B1.4, that the Guidelines range of imprisonment for a Grade C violation and a Criminal History Category of VI is a term of imprisonment from Eight (8) to Fourteen (14) months.

The parties agree, pursuant to Rules 11(c)(1)(C) and 32.1, Federal Rules of Criminal Procedure, that the Court should revoke supervised release and order the defendant to be imprisoned for a period of thirteen (13) months, with no supervision to follow. If the Court rejects this sentencing agreement, the defendant has the right to withdraw from this Agreed Order and have an evidentiary hearing on the petition for revocation of supervised release.

## DEFENDANT'S ACKNOWLEDGMENT AND WAIVER

The defendant acknowledges that he/she is admitting the violations of supervised release because he/she did, in fact, violate the conditions of supervised release set forth above.

The defendant acknowledges that he/she has had an opportunity 1) to review the written notice of the alleged violations of supervised release and 2) to review the evidence against him/her related to those alleged violations.

The defendant further acknowledges that he/she is aware of the following rights and is knowingly waiving these rights in exchange for the agreed sentence:

1) The opportunity to appear personally, present evidence, and question adverse witnesses at a revocation hearing; and

2) The opportunity to make a statement personally to the Court in mitigation of sentence and to present mitigating evidence to the Court.

If the Court accepts the agreed sentence, the defendant knowingly waives the right to contest the revocation of supervised release and the defendant's sentence in any appeal or post-

conviction action. Claims of (1) ineffective assistance of counsel and (2) prosecutorial misconduct, and those claims only, are exempt from this waiver.

## AGREED SENTENCE

Upon agreement of the parties as set forth above, it is hereby ORDERED that the previously imposed period of supervised release is REVOKED.

It is further ORDERED that the defendant Willie Lee Berry be and is hereby SENTENCED to a term of imprisonment of thirteen (13) months on Count 1 of the judgment. It is further ORDERED that no additional term of supervised release is ORDERED following the defendant's release from imprisonment.

So ORDERED and ADJUDGED, this the 25th day of August, 2022.

*[signature]*

Max O. Cogburn, Jr.
U.S. District Court Judge

**APPROVED**

_____
Willie Lee Berry
Defendant

_____  _____
Attorney for Defendant     Assistant United States Attorney

_____  _____
Glynis Eaton               Melissa Downs
Supervisory U.S. Probation Officer   Probation Officer

5